NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 7 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARSIMRAN SINGH,<br><br>                    Petitioner,<br><br>    v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                    Respondent. | No.    15-71739<br><br>Agency No. A078-974-211<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2017[**]
San Francisco, California

Before:  KOZINSKI and HURWITZ, Circuit Judges, and KEELEY,[***] District Judge.

Harsimran Singh, a native and citizen of India, petitions for review of an order

of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]   The Honorable Irene M. Keeley, United States District Judge for the U.S. District Court for the Northern District of West Virginia, sitting by designation.

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and deny the petition for review.

1. Singh sought adjustment of status and cancellation of removal under the Violence Against Women Act special rule to removal proceedings. *See* 8 U.S.C. § 1229b(b)(2). This special rule allows the filing of motions to reopen within one year of the entry of a final order of removal. *Id.* § 1229a(c)(7)(C)(iv). But, "the Attorney General may, in the Attorney General's discretion, waive this time limitation in the case of an alien who demonstrates extraordinary circumstances or extreme hardship to the alien's child." *Id.* § 1229a(c)(7)(C)(iv)(III).

2. Singh filed his motion to reopen more than ten years after the entry of his final order of removal, and the BIA did not abuse its discretion in concluding that the motion failed to establish either the extraordinary circumstances or extreme hardship to Singh's child required by § 1229a(c)(7)(C)(iv)(III).

**DENIED**.

2